FILED
CLERK, U.S. DISTRICT COURT

JAN 23 2008

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BROWN,<br><br>    Petitioner,<br><br> vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. EDCV 07-1628 PA (JWJ)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.  BACKGROUND

On December 7, 2007, petitioner Ronnie Brown, proceeding pro se, filed in this Court a "Petition for Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. § 2254" (hereinafter "Petition").  This Court screened the Petition pursuant to the Federal Rules of Civil Procedure, the Rules Governing Section 2254 Habeas Cases, 28 U.S.C. § 2243, and the Local Rules of the Central District of California.

The Court's screening reveals that petitioner's conviction is not final, yet he is challenging pretrial rulings by the trial court.  (Petition, pp. 3, 5-6.)   For the reasons discussed below, the Petition must be dismissed without prejudice.

///

## II.  DISCUSSION

Under 28 U.S.C. § 2243, it is the duty of this Court to screen out frivolous habeas corpus applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  See Rules Governing Section 2254 Cases, Rule 4, Advisory Committee Notes, 1976 Adoption (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).  A district court must enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court.  Rules Governing Section 2254 Cases, Rule 4; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

A petition lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim.  See Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).  A court may also dismiss as frivolous petitions reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind.  See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  Yet, it must be kept in mind that pro se pleadings must be liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

Here, petitioner has not yet been convicted, but is requesting this Court to review decisions made by the trial court thus far.  In conducting habeas review, a federal court is limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (emphasis added).  It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  Id.

///

///

1    Construing the Petition liberally, this Court finds that petitioner is not
2    entitled to relief in the district court.  Accordingly, the Petition is summarily
3    dismissed.  See Rule 4 of the Rules Governing § 2254 Cases.

4

5                                    **ORDER**

6    For the foregoing reasons,

7    **IT IS HEREBY ORDERED AS FOLLOWS:**

8    The Petition for Writ of Habeas Corpus in the instant action is dismissed

9    without prejudice.

10

11   DATED: _January 19, 2008_

12

13

14                                              PERCY ANDERSON
                                                United States District Judge
15

16

17   Presented by:

18   DATED: _January 17, 2008_

19

20

21

22   JEFFREY W. JOHNSON
     United States Magistrate Judge
23

24

25

26

27

28